# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MILTON MAXWELL WEST, *et al.*, )
)
      Plaintiffs, )
)
vs. ) NO. CIV-19-0004-JH
)
BOARD OF COUNTY )
COMMISSIONERS OF THE )
COUNTY OF CHEROKEE, *et al.*, )
)
      Defendants. )

## ORDER

Defendants have moved for an order compelling plaintiff Milton West to submit to a medical and psychiatric examination pursuant to Fed.R.Civ.P. 35. Mr. West objects to the motion on the basis that defendants have not shown good cause for the examination and that, if one is to occur, it should be subject to various limitations or conditions suggested by plaintiff.

Rule 35 examinations are not ordered as a matter of course and should be compelled only after a "discriminating application" by the court of the authority granted by the rule. *See* Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). To justify such an examination, the moving party must establish that the party to be examined has placed his/her medical or mental condition in issue and that good cause exists for the examination. Herrera v. Lufkin Industries Inc., 474 F.3d 675, 689 (10th Cir. 2007). Something more than a "garden variety" request for emotional distress damages must ordinarily be made in order to put a party's mental condition "in issue." Vaverka v. Mercury Marine, 2009 WL 10671775, *2

(W.D. Okla. Nov. 20, 2009) (citing Fox v. The Gates Corp., 179 F.R.D. 303, 307-08 (D. Colo. 1998)).

Applying these standards in the somewhat unusual circumstances of this case, the court concludes defendants' motion should be granted. Mr. West has not put his mental condition in issue in the usual way, i.e. by asserting a claim for intentional infliction of emotional distress or something similar. But he has asserted that defendants falsely portrayed him as someone having PTSD or other mental conditions which affected his conduct. He has also alleged defendants illegally seized his firearms at one point, which defendants apparently justified, at least in part, based on their view of Mr. West's mental condition. The court concludes the circumstances here involve more than a "garden variety" request for emotional distress damages and that Mr. West has put his mental condition in issue.

The court further concludes that good cause for the examination has been shown. Mr. West apparently has a lengthy treatment history by the VA and various medical providers, as well as prior traumatic events which have affected his health. Among other things, defendants are entitled to explore the nature and extent of any mental health issues plaintiff may have and the degree to which any mental anguish suffered by him is attributable to defendants' conduct versus the impact of some prior injury or event. Defendants have made a sufficient showing of good cause to warrant the examination they seek.

The examination will, however, be subject to certain limitations made appropriate by the particular circumstances of this case.[1] Mr. West seeks time limitations on the examination, authorization for the presence of his counsel, and authorization to videotape the examination.

The court concludes that an examination such as is described in defendants' counsel's emails, limited to no more than a single day ending by 5:00 p.m., is reasonable.

As to the request for the presence of counsel during the examination, the court would not ordinarily permit plaintiff's counsel to be present for a Rule 35 examination. While Oklahoma state law permits a representative of the person to be examined to be present, 12 Okla. Stat. 3235(D), the majority of federal courts do not permit such attendance, at least as a matter of right. Looney v. Lott, 2012 WL 3583019, *2 (W.D. Okla. Aug. 20, 2012) ("[A]s a general rule, counsel should not be permitted to attend Rule 35 examinations."); Greenhorn v. Marriott Intern., Inc., 216 F.R.D. 649, 654 (D. Kan. 2003) ("[T]he court believes that the presence of a third-party can only threaten to turn the examination into a more adversarial process than it should be." (quotations and citation omitted)); Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 629 (D. Kan. 1999) ("[T]he court finds plaintiff has no right to have her attorney present. . . . [T]he court also finds that she has no right to the presence of any third person or mechanical recording device at the examination."); Douponce v. Drake, 183 F.R.D. 565, 567 (D. Colo. 1998) ("[A] third party's presence and tape recording will not be permitted at plaintiff's independent medical

---

[1] *While plaintiff has objected to the examination generally, his greatest concern appears to be the circumstances under which any examination might be conducted.*

examination."). And as a general proposition, this court is persuaded by those opinions which conclude that a Rule 35 exam is not so inherently adversarial as to entitle a party to the presence of counsel and that counsel's presence will often raise a substantial possibility of interference with the examination.

The court nonetheless concludes plaintiff should be entitled to the presence of counsel in the particular circumstances of this case. It is clear that the principal focus of defendants' request is for a mental or psychiatric examination, rather than a medical examination. The potential for manipulation of the results of a psychiatric examination by a partisan examiner appears to be somewhat greater than would be the case with a more conventional medical examination.[2] More importantly, the discovery dispute involving access to plaintiff's medical records beyond those authorized by Judge West raises additional potential issues as to the scope and nature of the examination. While the court credits for present purposes defendants' explanation that the broader medical authorization to the VA was an inadvertent error, it nonetheless results in scope and background issues that might not otherwise be present. The court concludes Mr. West will be entitled to have a single lawyer present with him for the examination. Counsel is cautioned, however, that the examination is not a deposition. Barring something truly extraordinary occurring at the examination, counsel's role will be solely that of a silent bystander. Counsel may observe the examination so as to be better positioned to later raise issues relating to Daubert or

---

[2] *The court does not suggest that the particular doctor identified here by defendants is partisan or that there is other reason, on the current showing, to be concerned with his involvement. But he has been selected by a party to the case and there is always the potential that an expert selected for use in litigation will be more or less aligned with the party selecting the expert.*

similar concerns but may not participate in the examination or advise plaintiff during the course of it.

As counsel's presence will provide Mr. West with the additional protections appropriate in the circumstances, videotaping of the examination will not be ordered.

The doctor presently designated by defendants to conduct the examination is in Oklahoma City and the examination is expected to be conducted in Oklahoma City. Absent a different agreement of the parties, defendants will be required to pay the costs of roundtrip travel for plaintiffs to Oklahoma City, together with the costs of plaintiffs' hotel, meal and related expenses.

Based on the above considerations, defendants' motion for Rule 35 examination [Doc. # 74] is **GRANTED** to the extent, and subject to the conditions, stated. Counsel for the parties are directed to confer and arrange a mutually convenient time for conduct of the examination.

In light of the time necessary to conduct the examination and prepare experts' reports, and in light of scheduling considerations arising by reason of the assignment of the case to a different judge, the scheduling order in this case [Doc. # 63] is **STRICKEN**. A revised scheduling order will be entered separately. Defendants' Motion to Stay [Doc. #89] is **STRICKEN** as moot.

**IT IS SO ORDERED**.

Dated this 6th day of February, 2020.

                                                                            _____
                                                                            JOE HEATON
                                                                            UNITED STATES DISTRICT JUDGE